No. 24-60550

# United States Court of Appeals for the Fifth Circuit

REGISTERED FUNDS ASSOCIATION,

*Petitioner,*

v.

SECURITIES AND EXCHANGE COMMISSION,

*Respondent.*

On Petition for Review of an Order of the
Securities and Exchange Commission

**PETITIONER'S UNOPPOSED MOTION TO EXPEDITE**

| | |
|---|---|
| | JEREMIAH WILLIAMS |
| | *Counsel of Record* |
| RORY SKOWRON | DOUGLAS HALLWARD-DRIEMEIER |
| ROPES & GRAY LLP | ROPES & GRAY LLP |
| Prudential Tower | 2099 Pennsylvania Avenue, N.W. |
| 800 Boylston Street | Washington, D.C. 20006 |
| Boston, MA 02199 | (202) 508-4600 |
| (617) 951-7000 | |

*Counsel for Petitioner*

November 15, 2024

# CERTIFICATE OF INTERESTED PERSONS

No. 24-60550

REGISTERED FUNDS ASSOCIATION,

*Petitioner,*

v.

SECURITIES AND EXCHANGE COMMISSION,

*Respondent.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Further, pursuant to Federal Rule of Appellate Procedure 26.1, the undersigned counsel of record certifies that there are no corporations that are either parents of any petitioner or that own stock in the petitioner.

**A.   Petitioner**

1. Registered Funds Association

2. Others who are not participants in this matter but may be financially interested in its outcome include investment advisers and registered funds subject to the agency action at issue in this petition.

# CERTIFICATE OF INTERESTED PERSONS
## (continued)

**B.  Attorneys for Petitioner**

Jeremiah Williams
Douglas Hallward-Driemeier
Ropes & Gray LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

Rory Skowron
Ropes & Gray LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199

**C.  Respondent**

Securities and Exchange Commission

**D.  Attorney for Respondent**

John Robert Rady
Appellate Counsel
Securities and Exchange Commission
100 F. Street, N.E.
Washington, D.C. 20549-1090

Dated: November 15, 2024

Respectfully Submitted,

*/s/ Jeremiah Williams*
JEREMIAH WILLIAMS
*Counsel of Record for Petitioner*

## BACKGROUND

Petitioner challenges a final order of Respondent Securities and Exchange Commission ("SEC") that amends the reporting requirements on Forms N-PORT and N-CEN applicable to certain registered investment companies. *See Form N-PORT and Form N-CEN Reporting; Guidance on Open-End Fund Liquidity Risk Management Programs*, Release No. IC-35308 (Aug. 28, 2024). Under the new amendments, instead of disclosing their detailed portfolio holdings on a quarterly basis as they have done for decades, covered registered funds will be required to publicly disclose such information on a monthly basis.

For many funds, this is no small change. In the case of actively managed funds, portfolio-holding information can reveal much about the fund's confidential, research-driven investment strategies. More frequent disclosure of such information will effectively force these funds to publicize their strategies for free. The new amendments will therefore deprive a large subset of registered funds of the benefit of their intellectual capital and make it needlessly more difficult for them to secure returns for their shareholders. On top of that, monthly reporting will necessitate higher compliance costs for funds, as the amount of data

that funds will be made to compile, review, and file will *triple*. Those higher costs will inevitably be borne by shareholders. In short, the amendments will cause substantial harm to a large subset of a major sector of the American economy.

As outlined in the Petition for Review, the SEC's new amendments exceed the agency's statutory authority, and are otherwise arbitrary, capricious, an abuse of discretion, and contrary to law, all in violation of the Administrative Procedure Act, 5 U.S.C. § 706, and of the SEC's statutory obligation to consider its rules' effects on "efficiency, competition, and capital formation," 15 U.S.C. § 80b-2(c).

Petitioner filed the Petition for Review on October 28, 2024, and the Court ordered the SEC to file the administrative record by December 9, 2024. The challenged amendments become effective on November 17, 2025.[1]

Petitioner now moves to expedite briefing and argument so that the Court can reach a decision on the merits sufficiently in advance of the amendments' effective date. Counsel for Petitioner have conferred with

---

[1] Entities with net assets below $1 billion at the end of the most recent fiscal year have an additional six months to comply with the new Form N-PORT requirements.

2

counsel for the SEC regarding a briefing schedule, and the SEC has consented to Petitioner's proposed schedule, which is outlined below.

## ARGUMENT

"Good cause" exists to expedite this appeal. *See* 5th Cir. R. 27.5, 34.5; *see also* 28 U.S.C. § 1657(a) (requiring courts to "expedite the consideration of any action . . . if good cause therefor is shown"). The challenged amendments will have far-reaching negative effects on the national economy by making it harder, if not impossible, for actively managed funds to execute on their investment strategies. The resulting harm to funds, their advisors, their shareholders, and the companies in which they invest justifies expedited consideration of this appeal. So do the nonrecoverable costs that funds will be forced to incur to comply with more frequent disclosure requirements. *See Chamber of Com. of the U.S. v. SEC*, No. 23-60255, Dkt. 72, at 4 (5th Cir. Aug. 23, 2023) (moving to expedite challenge to SEC rule, citing "compliance costs running in the millions of dollars and tens of thousands of hours of employee time"); *id.*, Dkt. 86 (5th Cir. Aug. 25, 2023) (granting motion); *cf. BST Holdings, LLC v. OSHA*, 17 F.4th 604, 618 (5th Cir. 2021) ("'[C]omplying with a regulation later held invalid almost always produces the irreparable

harm of nonrecoverable compliance costs.'"). Expediting briefing and argument in this appeal will ensure that the Court can reach a final decision before the amendments become effective for a great number of registered funds next year.

## CONCLUSION

For the foregoing reasons, the Court should expedite briefing and argument in this case in accordance with the following proposed schedule, to which the SEC has consented:

| | |
|---|---|
| Administrative Record | December 9, 2024 |
| Petitioner Opening Brief | December 23, 2024 |
| Any Amicus Briefs in Support of Petitioner | December 30, 2024 |
| Respondent Answering Brief | February 14, 2025 |
| Any Amicus Briefs in Support of Respondent | February 21, 2025 |
| Petitioner Reply Brief & Appendix | March 7, 2025 |
| Oral Argument | April/May 2025 |

Dated: November 15, 2024

RORY SKOWRON
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7000

Respectfully Submitted,

*/s/ Jeremiah Williams*
JEREMIAH WILLIAMS
  *Counsel of Record for Petitioner*
DOUGLAS HALLWARD-DRIEMEIER
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 508-4600
jeremiah.williams@ropesgray.com

*Counsel for Petitioner*

4

## CERTIFICATE OF CONFERENCE

On November 14, 2024, counsel for Petitioner conferred with John R. Rady, counsel for Respondent, who stated that Respondent does not oppose the relief requested in this motion.

Dated: November 15, 2024          Respectfully Submitted,

*/s/ Jeremiah Williams*
JEREMIAH WILLIAMS
*Counsel of Record for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 15, 2024, I caused the foregoing motion to be electronically filed with the United States Court of Appeals for the Fifth Circuit by using the Court's CM/ECF system.

| | |
|---|---|
| Dated: November 15, 2024 | Respectfully Submitted, |
| | */s/ Jeremiah Williams* |
| | JEREMIAH WILLIAMS |
| | *Counsel of Record for Petitioner* |

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts exempted under Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.2, it contains 702 words.

I certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

I further certify that any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13 and that the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

Dated: November 15, 2024                    Respectfully Submitted,

                                                               */s/ Jeremiah Williams*
                                                               JEREMIAH WILLIAMS
                                                               *Counsel of Record for Petitioner*