UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

REGISTERED FUNDS
ASSOCIATION,

    *Petitioner*,

v.

SECURITIES AND EXCHANGE
COMMISSION,

    *Respondent*.

No. 24-60550

**UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE
AND TO STAY BRIEFING SCHEDULE
PENDING DECISION ON THE MOTION**

JEFFREY FINNELL
Acting General Counsel

TRACEY A. HARDIN
Solicitor

JEFFREY A. BERGER
Assistant General Counsel

THEODORE WEIMAN
Senior Appellate Counsel

JOHN R. RADY
Appellate Counsel

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4997 (Rady)
radyjo@sec.gov

# CERTIFICATE OF INTERESTED PERSONS

*Registered Funds Association v. SEC*, No. 23-60079

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. The Securities and Exchange Commission is a federal agency.

2. The Registered Funds Association.

3. Jeffrey Finnell, Tracey A. Hardin, Jeffrey A. Berger, Theodore Weiman, and John R. Rady—*Counsel for Respondent Securities and Exchange Commission.*

4. Jeremiah Williams, Douglas Hallward-Dreimeier, and Rory Skowron—*Counsel for Petitioner Registered Funds Association.*

/s/ John R. Rady

*Attorney of Record for Respondent Securities and Exchange Commission*

Petitioner Registered Funds Association (RFA) challenges a final rule—which amended reporting requirements for Form N-PORT—that Respondent Securities and Exchange Commission adopted on August 28, 2024 and that has an effective date of November 17, 2025. On January 20, 2025, a Presidential Memorandum directed all agencies to consider postponing the effective date of rules not yet in effect for 60 days to allow for review of those rules. Presidential Memorandum, *Regulatory Freeze Pending Review*.[1] The Commission respectfully moves the Court to hold this appeal in abeyance (and remove the case from the oral argument calendar) while the Commission reviews the rule in accordance with the Presidential Memorandum. The Commission will submit a status report to the Court by March 21—60 days after the Presidential Memorandum was issued. Finally, the Commission respectfully requests that the Court suspend the merits briefing schedule while it considers this motion.

The Commission has consulted with counsel for RFA, which consents to this relief. Counsel for the Commission understand that RFA will be filing a motion seeking to stay the effective date of the Form N-PORT amendments that they are challenging. The Commission does not oppose the relief requested in that motion.

---

[1] https://www.whitehouse.gov/presidential-actions/2025/01/regulatory-freeze-pending-review/.

# BACKGROUND

RFA's petition for review challenges part of a rule adopted by the Commission on August 28, 2024, and published in the Federal Register on September 11, 2024. *Form N-PORT and Form N-CEN Reporting; Guidance on Open-End Fund Liquidity Risk Management Programs*, Investment Company Act Release No. 35,308 (Aug. 28, 2024), 89 Fed. Reg. 73,764 (Sept. 11, 2024) ("Final Rule").[2] In relevant part, the Final Rule amends the process of filing and publicly disclosing Form N-PORT. That form requires most registered investment companies (funds) to submit information about their complete monthly portfolio holdings, as well as related information to help assess the funds' risks. *See id.* at 73,765. Before the amendment, funds filed Form N-PORT reports with the Commission 60 days after the end of each fiscal quarter (with separate reports for each month), and information relating only to the third month became publicly available. *See id.* Under the Final Rule, funds will be required to file Form N-PORT on a monthly basis, within 30 days after the end of each month, and

---

[2] Two Commissioners voted against adoption of the Final Rule. *See Statement on Form N-PORT and Form N-CEN Reporting Amendments; Guidance on Open-End Fund Liquidity Risk Management Programs* (Aug. 28, 2024), https://www.sec.gov/newsroom/speeches-statements/uyeda-statement-form-n-port-amendments-082824 (Acting Chair Mark T. Uyeda); *Too Short to Report: Statement on Adoption of Form N-PORT and Form N-CEN Reporting; Guidance on Open-End Fund Liquidity Risk Management Programs* (Aug. 28, 2024), https://www.sec.gov/newsroom/speeches-statements/peirce-statement-form-n-port-amendments-082824 (Commissioner Hester M. Peirce).

information on every month's form will become publicly available 60 days after the end of that month. *See id.* With minor exceptions, the Final Rule does not change the content of Form N-PORT. *See id.* at 73,775–76. The Final Rule is not yet effective; it has an effective date of November 17, 2025. *Id.* at 73,764. For most funds, the effective date is also the compliance date, but some smaller funds have an additional six-month compliance period. *Id.* at 73,779–80.

RFA sought review on October 28, 2024. Dkt. 1. On November 15, RFA filed an unopposed motion to expedite the appeal "so that the Court can reach a decision on the merits sufficiently in advance of the amendments' effective date," Dkt. 15, at 2, which this Court granted. Dkt. 28. RFA filed its opening brief on December 23, Dkt. 38, and under the schedule set by the Court, the Commission's response brief is currently due February 5. Dkt. 29. This Court has also tentatively scheduled oral argument for the week of March 31. Dkt. 35.

On January 20, 2025, a Presidential Memorandum was issued that directed agencies to consider postponing "for 60 days" the effective date of rules not yet in effect for the purpose of "reviewing any questions of fact, law and policy" that such rules "may raise." As the Final Rule has not yet taken effect, it falls within the scope of this directive.

## ARGUMENT

The Commission asks this Court to take two actions. First, the Commission respectfully requests that the Court hold the case in abeyance—pausing the briefing schedule and removing the case from the March 31 argument calendar—while the Commission reviews the Final Rule in accordance with the Presidential Memorandum issued on January 20, 2025. Second, the Commission requests that the Court suspend the merits briefing schedule pending resolution of this motion. The Commission's brief is currently due on February 5.

Holding this case in abeyance would conserve judicial resources as well as party resources in the event that, upon review, the Commission decides to take further action regarding the challenged amendments to Form N-PORT. Such action could affect, narrow, or eliminate the issues currently presented in this petition for review. If the Court grants this abeyance motion, the Commission will file a status report no later than March 21, 2025.

## CONCLUSION

This Court should hold the case in abeyance, remove the case from the oral argument calendar for the week of March 31, and order the Commission to file a status report by March 21. In addition, the Court should stay the merits briefing schedule while it considers this motion.

Respectfully submitted,

JEFFREY FINNELL
Acting General Counsel

TRACEY A. HARDIN
Solicitor

JEFFREY A. BERGER
Assistant General Counsel

THEODORE WEIMAN
Senior Appellate Counsel

<u>/s/ John R. Rady</u>
JOHN R. RADY
Appellate Counsel

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4997 (Rady)
radyjo@sec.gov

Dated: January 28, 2025

## CERTIFICATE OF SERVICE AND FILING

I certify that on January 28, 2025, I electronically filed the foregoing motion using the Court's CM/ECF system. Service on counsel of record will be accomplished through the Court's CM/ECF system.

I further certify that any privacy redactions have been made and that this electronic filing was scanned for, and found to be free of, viruses.

/s/ John R. Rady<br>John R. Rady

Dated:   January 28, 2025

# CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 879 words, excluding the parts exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.2.

I also certify that this motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface—Times New Roman, 14 point—using Microsoft Word.

/s/ John R. Rady
John R. Rady

Dated:     January 28, 2025