No. 24-60550

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

REGISTERED FUNDS ASSOCIATION,

*Petitioner*,

v.

SECURITIES AND EXCHANGE COMMISSION,

*Respondent.*

On Petition for Review of an Order of the Securities and Exchange Commission

**BRIEF FOR RESPONDENT
SECURITIES AND EXCHANGE COMMISSION**

JEFFREY B. FINNELL
General Counsel

TRACEY A. HARDIN
Solicitor

JEFFREY A. BERGER
Assistant General Counsel

THEODORE J. WEIMAN
Senior Appellate Counsel

JOHN R. RADY
Appellate Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4997 (Rady)

## CERTIFICATE OF INTERESTED PERSONS

*Registered Funds Association v. SEC*, No. 24-60550

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. The Securities and Exchange Commission is a federal agency.

2. The Registered Funds Association.

3. Jeffrey B. Finnell, Tracey A. Hardin, Jeffrey A. Berger, Theodore J. Weiman, and John R. Rady—*Counsel for Respondent Securities and Exchange Commission.*

4. Jeremiah Williams, Douglas Hallward-Dreimeier, and Rory Skowron—*Counsel for Petitioner Registered Funds Association.*

/s/ John R. Rady

*Attorney of Record for Respondent*
*Securities and Exchange Commission*

i

## STATEMENT REGARDING ORAL ARGUMENT

This Court has tentatively scheduled oral argument for the week of March 31, 2025.  Dkt. 35.  As the Securities and Exchange Commission argued in its unopposed motion to hold this case in abeyance, the Court should remove this matter from the oral argument schedule.  However, if the Court chooses to hold oral argument, the Commission will be prepared to present argument regarding the issues discussed in this brief.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT ............................................. ii

TABLE OF AUTHORITIES .................................................................................. iv

INTRODUCTION ..................................................................................................1

COUNTERSTATEMENT OF JURISDICTION ......................................................2

COUNTERSTATEMENT OF THE ISSUES.............................................................3

COUNTERSTATEMENT OF THE CASE................................................................3

SUMMARY OF ARGUMENT ................................................................................8

ARGUMENT ..........................................................................................................8

I.      This Court should hold this case in abeyance. .................................8

II.     Petitioner has failed to demonstrate that it has standing. ................9

CONCLUSION .....................................................................................................15

CERTIFICATE OF SERVICE AND FILING

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**                                                                      **Page(s)**

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013)...............................................................................10

*Ctr. for Biological Diversity v. EPA*,
    937 F.3d 533 (5th Cir. 2019) ...........................................................14

*FDA v. All. for Hippocratic Med.*,
    602 U.S. 367 (2024)............................................................... 10, 13

*Ga. Republican Party v. SEC*,
    888 F.3d 1198 (11th Cir. 2018) ...................................... 11, 14, 15

*Hunt v. Wash. State Apple Advert. Comm'n*,
    432 U.S. 333 (1977)............................................................... 10, 13

*Jones v. Harris Assocs. L.P.*,
    559 U.S. 335 (2010)...............................................................................3

*Nat'l Ass'n of Private Fund Managers v. SEC*,
    103 F.4th 1097 (5th Cir. 2024) .......................................................12

*Shrimpers & Fishermen of RGV v. Texas Comm'n on Envtl. Quality*,
    968 F.3d 419 (5th Cir. 2020) (per curiam) ....................................10

*Sierra Club v. EPA*,
    793 F.3d 656 (6th Cir. 2015) ............................................... 10, 14

*Skyline Corp. v. NLRB*,
    613 F.2d 1328 (5th Cir. 1980) .......................................................11

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009)............................................................... 11, 12

*Tenn. Republican Party v. SEC*,
    863 F.3d 507 (6th Cir. 2017) ............................................... 11, 15

*Texas v. Nuclear Reg. Comm'n*,
    78 F.4th 827 (5th Cir. 2023) .........................................................14

*Texas v. SEC*,
 No. 23-60079, 2024 WL 2106183
 (5th Cir. May 10, 2024) (unpublished)............................................................11

*Twin Rivers Paper Co. LLC v. SEC*,
 934 F.3d 607 (D.C. Cir. 2019)............................................................... 12, 14

**Statutes**

Investment Company Act of 1940,
 Pub. L. No. 76-768, tit. I, 54 Stat. 789 ........................................................4

Investment Company Act of 1940, 15 U.S.C. § 80a-1, *et seq.*

 15 U.S.C. § 80a-1(b) ...................................................................................3
 15 U.S.C. § 80a-8 .......................................................................................3
 15 U.S.C. § 80a-24 .....................................................................................3
 15 U.S.C. § 80a-29 .....................................................................................4
 15 U.S.C. § 80a-29(b) .................................................................................4
 15 U.S.C. § 80a-29(c) ...............................................................................4, 5
 15 U.S.C. § 80a-30 .....................................................................................3
 15 U.S.C. § 80a-42(a) ............................................................................. 2, 13
 15 U.S.C. § 80a-44(a) .................................................................................5

National Securities Markets Improvement Act of 1996,
 Pub. L. No. 104-290, 110 Stat. 3416 ...........................................................4

**Commission Releases**

*Amendments to the Timing Requirements for Filing Reports on Form N–Port*,
 84 Fed. Reg. 7,980 (Mar. 6, 2019) ..............................................................5

*Investment Company Reporting Modernization*,
 81 Fed. Reg. 81,870 (Nov. 17, 2016) ..........................................................5

**Other Authorities**

Capitol Account,
 *Regulators Spark Battle Royal Over a Data Standard* (Oct. 31, 2024),
 https://www.capitolaccountdc.com/p/regulators-spark-battle-royal-over.....14

Presidential Memorandum,
  *Regulatory Freeze Pending Review* (Jan. 20, 2025),
  https://www.whitehouse.gov/presidential-actions/2025/
  01/regulatory-freeze-pending-review/ .......................................................8, 9

*Statement on Form N-PORT and Form N-CEN Reporting Amendments;*
  *Guidance on Open-End Fund Liquidity Risk Management Programs*
  (Aug. 28, 2024), https://www.sec.gov/newsroom/speeches-
  statements/uyeda-statement-form-n-port-amendments-082824
  (Acting Chairman Mark T. Uyeda) ...............................................................7

*Too Short to Report: Statement on Adoption of Form N-PORT and*
  *Form N-CEN Reporting; Guidance on Open-End Fund Liquidity Risk*
  *Management Programs* (Aug. 28, 2024), https://www.sec.gov/newsroom/
  speeches-statements/peirce-statement-form-n-port-amendments-082824
  (Commissioner Hester M. Peirce) ...............................................................7

No. 24-60550

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

REGISTERED FUNDS ASSOCIATION,

*Petitioner*,

v.

SECURITIES AND EXCHANGE COMMISSION,

*Respondent*.

On Petition for Review of an Order of the Securities and Exchange Commission

**BRIEF FOR RESPONDENT
SECURITIES AND EXCHANGE COMMISSION**

**INTRODUCTION**

This case concerns amendments to rules adopted by the Securities and Exchange Commission (the "Commission") that change the timing of when certain registered investment companies—such as mutual funds—file portfolio information with the Commission on Form N–PORT and when that information is disclosed to the public. Two Commissioners, who now form a majority of the Commission, dissented from the adoption of these amendments. Because the effective date of the amendments has not yet passed, they are implicated by a Presidential Memorandum issued on January 20, 2025, directing agencies to consider postponing for 60 days the effective date of rules not yet in effect for the

purpose of reviewing questions of fact, law and policy raised by such rules. In light of this direction, on January 28, 2025, the Commission filed an unopposed motion that the Court hold this case in abeyance so that the Commission may conduct that review. The Commission now reiterates its request that the Court hold the case in abeyance. If the Court does not hold the matter in abeyance, it should dismiss the petition for lack of jurisdiction because petitioner the Registered Funds Association has not shown that it has standing under Article III of the United States Constitution.

## COUNTERSTATEMENT OF JURISDICTION

The Commission issued the rule on review (the Final Rule) on August 28, 2024, and it was published in the Federal Register on September 11, 2024. AR-2, at 73,764, 73,798.[1] This Court received the petition for review on October 28, 2024, Dkt. 1, and the petition is timely under Section 43(a) of the Investment Company Act of 1940 (the "Act"), 15 U.S.C. § 80a-42(a), which affords exclusive appellate review for rules adopted pursuant to the Act. Even so, this Court lacks jurisdiction because the petitioner has failed to demonstrate standing. *See infra* at pp. 9–15.

---

[1] Citations to the administrative record are noted as "AR-__," referring to the document number listed in the Certified List, Dkt. 36.

## COUNTERSTATEMENT OF THE ISSUES

1.     Whether the Court should hold this matter in abeyance consistent with the Commission's unopposed request.

2.     If the Court does not hold this matter in abeyance, whether petitioner has failed to meet its burden to establish Article III standing.

## COUNTERSTATEMENT OF THE CASE

The Investment Company Act of 1940 regulates investment companies, including mutual funds, which are "pool[s] of assets, consisting primarily of [a] portfolio [of] securities, and belonging to the individual investors holding shares in the fund." *Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 338 (2010) (quotation omitted).  Congress directed the Commission to regulate funds because of its "concern with the potential for abuse inherent in the structure of investment companies." *Id.* (quotation omitted).  To address issues that may arise when investors transact in fund securities without "adequate, accurate, and explicit information, fairly presented, concerning the character of such securities and the circumstances, policies, and financial responsibility of such companies and their management," 15 U.S.C. § 80a-1(b)(1), funds are required by statute to, among other things, register with the Commission (§ 80a-8; *see also* § 80a-24 (registration under the Securities Act)), maintain certain records (§ 80a-30), and provide reports to fund investors and the Commission (§§ 80a-8, -24, -29).

3

Section 30 of the Act governs certain reports that funds must file with the Commission and send to shareholders. In Section 30(b)(1), as originally enacted, Congress required funds to "file with the Commission … such information and documents (other than financial statements) as the Commission may require, on a semi-annual or quarterly basis, to keep reasonably current the information and documents contained in the registration statement of such company." Pub. L. No. 76-768, tit. I, § 30(b)(1), 54 Stat. 789, 836 (1940). Congress removed the "semi-annual or quarterly basis" language when it enacted the National Securities Markets Improvement Act of 1996 (NSMIA). Pub. L. No. 104-290, § 206, 110 Stat. 3416, 3430 (1996); 15 U.S.C. § 80a-29(b)(1). At the same time, Congress added Section 30(c), which states that when the Commission "requires the filing of information, documents, and reports … on a basis more frequently than semiannually," it "shall take such action as it deems necessary or appropriate, consistent with the public interest and the protection of investors, to avoid unnecessary reporting by, and minimize the compliance burdens on, registered investment companies and their affiliated persons." § 206, 110 Stat. at 3430; 15 U.S.C. § 80a-29(c)(1). Such "action" includes "considering, and requesting public comment on … feasible alternatives that minimize the reporting burdens on registered investment companies; and … the utility of such information, documents, and reports to the Commission in relation to the costs to registered

4

investment companies and their affiliated persons of providing such information, documents, and reports." 15 U.S.C. § 80a-29(c)(2).[2]

In 2016, the Commission adopted Form N–PORT. *Investment Company Reporting Modernization*, 81 Fed. Reg. 81,870 (Nov. 17, 2016). This form requires "reporting of a fund's complete portfolio holdings," as well as "additional information concerning fund portfolio holdings." *Id.* at 81,873.[3] In 2019, the Commission made amendments to the filing deadlines for this form. *Amendments to the Timing Requirements for Filing Reports on Form N–Port*, 84 Fed. Reg. 7,980 (Mar. 6, 2019).

As relevant to this appeal, the Final Rule changed how often funds must file these reports and when they become public. In November 2022, the Commission proposed amendments to Form N–PORT, among other proposals. AR-1.[4] The

---

[2] Under Section 45 of the Act, reports filed with the Commission "shall be made available to the public," and the Commission cannot restrict publication unless it "finds that public disclosure is neither necessary nor appropriate in the public interest or for the protection of investors." 15 U.S.C. § 80a-44(a).

[3] For convenience, the entities required to file Form N–PORT are generally referred to as "funds," but not all registered investment companies are required to file the form. *See* AR-2, at 73,765 n.2.

[4] The Commission did not adopt many of the proposals in that release, AR-2, at 73,780, and they are not the subject of this appeal. The Final Rule also made amendments to Form N–CEN, which requires funds to report census-type

*(Footnote continued on next page…)*

Commission proposed to require funds to "file monthly reports with the Commission within 30 days of month-end," and these reports "would subsequently be publicly available 60 days after month-end."  AR-1, at 77,184.  During the notice-and-public-comment period, some commenters objected to the public disclosure component of the amendments, AR-2, at 73,773 & nn.89–102, stating that publicly disclosing each month's information "could increase the risk of predatory trading by other market participants and ultimately harm funds and their shareholders," AR-2, at 73,773 & n.95, for example by "front-running" ahead of fund trades, "free-riding" off fund research, or "copycatting" fund strategies.  AR-2, at 73,767, 73,773.

The Commission adopted its proposed amendments with respect to filing Form N–PORT with the Commission and disclosing it to the public.  AR-2, at 73,767–75.[5]  Commissioner Peirce and then-Commissioner (now Acting

---

information to the Commission, and contained guidance relating to certain funds' liquidity risk management programs.  AR-2, at 73,776–79.  Petitioner has not challenged these aspects of the Final Rule, nor does it challenge amendments the Commission made to the content of Form N–PORT that are unrelated to the procedures concerning the filing and publication of the form.  *See* AR-2, at 73,775–76.

[5] Certain information on Form N–PORT remains non-public even after the 60-day delay.  *See* AR-2, at 73,773 n.83, 73,800 ("Public Availability").

Chairman) Uyeda dissented.[6]  The rule is not yet effective.  Rather, both the

effective and compliance dates for the rule are set for November 2025 for most

funds, while some smaller funds have an additional six months to comply with the

rule.  AR-2, at 73,779–81.

Petitioner Registered Funds Association challenged the amendments to

Form N–PORT by filing a petition for review that this Court received on October

28, 2024.  Dkt. 1.  On November 15, petitioner filed an unopposed motion to

expedite the appeal "so that the Court can reach a decision on the merits

sufficiently in advance of the amendments' effective date," Dkt. 15, at 2, which

this Court granted.  Dkt. 28.  Petitioner filed its opening brief on December 23.

Dkt. 38.  The Commission filed a motion to hold this case in abeyance on January

28, 2025, Dkt. 40, and the same day, petitioner filed a motion to stay the effective

date of the challenged amendments to Form N–PORT, Dkt. 41.  Neither party

opposed the other's motion.  On February 4, the Commission filed an unopposed

motion for an extension of time to file its brief from February 5 to February 14.

---

[6] *See Statement on Form N-PORT and Form N-CEN Reporting Amendments;
Guidance on Open-End Fund Liquidity Risk Management Programs* (Aug. 28,
2024), https://www.sec.gov/newsroom/speeches-statements/uyeda-statement-form-
n-port-amendments-082824 (Acting Chairman Mark T. Uyeda); *Too Short to
Report: Statement on Adoption of Form N-PORT and Form N-CEN Reporting;
Guidance on Open-End Fund Liquidity Risk Management Programs* (Aug. 28,
2024), https://www.sec.gov/newsroom/speeches-statements/peirce-statement-form-
n-port-amendments-082824 (Commissioner Hester M. Peirce).

Dkt. 42. The Court has not yet ruled on any of these motions, and the Commission therefore files this brief. This Court has tentatively scheduled oral argument for the week of March 31. Dkt. 35.

## SUMMARY OF ARGUMENT

I.     This Court should hold this case in abeyance, which would conserve judicial resources, as well as party resources, in the event that, upon review, the Commission takes further action regarding the challenged amendments that are the subject of this appeal.

II.     Petitioner lacks standing to challenge the Final Rule. Petitioner's failure to submit *any* evidence supporting its claim of associational standing requires dismissal. While petitioner claims that it does not need to identify individual members, it has not submitted any evidence that it has *any* members such that it can proceed on a theory of associational standing. Under binding precedent, this failure is fatal.

## ARGUMENT

**I.     This Court should hold this case in abeyance.**

For the reasons articulated in the Commission's unopposed motion, Dkt. 40, this Court should hold this case in abeyance and remove it from the oral argument calendar. On January 20, 2025, a Presidential Memorandum entitled *Regulatory Freeze Pending Review* was issued that directed agencies to consider postponing "for 60 days" the effective date of rules not yet in effect for the purpose of

8

"reviewing any questions of fact, law and policy" that such rules "may raise."[7]  As the Final Rule has not yet taken effect, it falls within the scope of this directive.

Holding this case in abeyance would conserve judicial and party resources in the event that, upon review, the Commission decides to take further action regarding the challenged amendments to Form N–PORT.  Such action could include consideration of alterations to, or recission of, the amendments and therefore could affect, narrow, or eliminate the issues currently presented in this petition for review.  If the Court holds this case in abeyance, the Commission will file a status report no later than March 21, 2025 (60 days from the issuance of the Memorandum).

## II.     Petitioner has failed to demonstrate that it has standing.

If the Court declines to hold the case in abeyance, it should dismiss the petition because the petitioner lacks standing.  Petitioner does not argue that it is directly injured by the amendments to Form N–PORT.  Rather, it claims that it has standing because it represents members affected by the rule.  Br. 3.  But it has not provided *any evidence* to support its claim of associational standing and its petition should therefore be dismissed.

---

[7] https://www.whitehouse.gov/presidential-actions/2025/01/regulatory-freeze-pending-review/.

To establish Article III standing, a party must establish "(i) that [it] has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024). Petitioner asserts associational standing, which is an exception to these requirements allowing an association to "bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

Petitioner does not carry its "'burden of production' with respect to standing," which is "'similar to that required at summary judgment.'" *Shrimpers & Fishermen of RGV v. Texas Comm'n on Envtl. Quality*, 968 F.3d 419, 423 (5th Cir. 2020) (per curiam) (quoting *Sierra Club v. EPA*, 793 F.3d 656, 662 (6th Cir. 2015)). Petitioner cannot base its standing on mere allegations; it must provide "specific facts" supported by "affidavit or other evidence." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 412 (2013) (quotations omitted). And such an affidavit must "name the individuals who were harmed by the challenged" action unless the

10

petitioner can show that the action applies to "*all* the members of the organization." *Summers v. Earth Island Inst.*, 555 U.S. 488, 498–99 (2009).

Petitioner did not attempt to meet these requirements here. Instead, in a lone paragraph in its brief, petitioner claims that it "represents its members, which include registered funds and investment advisers directly subject to the challenged agency action." Br. 3.[8] But "[s]tatements by counsel in briefs are not evidence." *Skyline Corp. v. NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980); *see also, e.g.*, *Ga. Republican Party v. SEC*, 888 F.3d 1198, 1204–05 (11th Cir. 2018) ("For reasons unknown to this Court, the Georgia party has not submitted an affidavit from a member … ."); *Tenn. Republican Party v. SEC*, 863 F.3d 507, 517 (6th Cir. 2017) ("[T]here is no reason why Petitioners could not have put forth an affidavit … ."); *Texas v. SEC*, No. 23-60079, 2024 WL 2106183, at *2 (5th Cir. May 10, 2024) (unpublished) (even if theory of standing is viable, "[t]here's a difference between theory and practice," and standing "must be established through evidence"). As a result, petitioner has not carried its burden to show that it even has any members.

Moreover, even if bare assertions in a brief were acceptable, petitioner's brief fails to identify a single member affected by the Final Rule or demonstrate that the Final Rule applies to petitioner's entire membership. *See Summers*, 555

---

[8] The petition for review asserts the petitioner has its principal place of business in the Fifth Circuit. Pet. 8.

U.S. at 498–99; *see also, e.g.*, *Twin Rivers Paper Co. LLC v. SEC*, 934 F.3d 607, 614 (D.C. Cir. 2019) (even with affidavit, petitioner "could not reasonably have believed that its barebones affidavit, vaguely describing the preferences and burdens of unnamed members and others, sufficed to prove its representational standing").[9]  And while petitioner's challenge to the timing of public disclosure is based on the potential harms from predatory trading, *see* Br. 26–41, it offers no evidence that any fund it purports to represent faces this risk.

Petitioner contends that it "need not identify any particular members to demonstrate its standing," Br. 3, citing *Nat'l Ass'n of Private Fund Managers v. SEC* ("*NAPFM*"), 103 F.4th 1097 (5th Cir. 2024).  But in that case, the Court held that one of the six petitioners—the only petitioner with residence within the Circuit—did not have to "identify particular members" because, as the Court concluded, the agency "admit[ted] each petitioner represents private fund advisers" regulated by the challenged rules.  103 F.4th at 1109.  Here, by contrast, petitioner has failed to demonstrate all (or indeed any of) its members are affected by the Final Rule, and unlike in *NAPFM* there are no other petitioners with standing. Compounding its standing problems, petitioner submitted no evidence regarding its

---

[9] Petitioner states that its membership includes investment advisors, Br. 3, who are not subject to the Final Rule.  *See* AR-2, at 73,783 (stating the Form N–PORT amendments "will affect all registered funds that are currently required to file reports on Form N–PORT").

purpose, which independently requires dismissal of the petition. *See Hunt*, 432

U.S. at 343 (associational standing requires petitioner show "the interests it seeks

to protect are germane to the organization's purpose").

Petitioner's suggestion that *NAPFM* dispensed with the evidentiary

requirements for associational standing misconstrues the decision, is inconsistent

with *Summers*, and would unconstitutionally expand associational standing. If

organizations no longer had to submit evidence that they have members that

include persons suffering an injury-in-fact as a result of an agency rule, it would

deprive courts of the ability to confirm that the Article III case-or-controversy

requirements have been met. Such a rule could also encourage individuals to use

the glimmer of an association to file petitions in preferred locales and evade venue

restrictions that would apply if the individual sued on his or her own behalf. *See,*

*e.g.*, 15 U.S.C. § 80a-42(a) (requiring that challenges be brought where aggrieved

"person resides or has his principal place of business" or in the D.C. Circuit). The

existing precedent that allows an association to establish standing based on an

injury to a single member already reaches the limits of Article III. *Cf. All. for*

*Hippocratic Med.*, 602 U.S. at 400 (Thomas, *J.*, concurring) (reasoning that this

"use of our associational-standing doctrine illustrates how far we have strayed

from the traditional rule that plaintiffs must assert only their own injuries" to

comply with Article III). Allowing an association to merely assert an injury to a

member in a brief, without providing any supporting evidence or even identifying the member, would exceed those limits.

Petitioner's failure to establish standing compels dismissal of the petition. Petitioners are generally required to meet their burden to establish standing in their opening brief "unless standing is self-evident." *Texas v. Nuclear Reg. Comm'n*, 78 F.4th 827, 835 (5th Cir. 2023) (emphasis omitted) (quoting *Sierra Club*, 793 F.3d at 662); *see also Ctr. for Biological Diversity v. EPA*, 937 F.3d 533, 542 n.4 (5th Cir. 2019) (excusing failure to "include only a cursory discussion of standing" when petitioners "had a good-faith (though mistaken) belief that standing would be both undisputed and easy to resolve"). Petitioner did not submit a comment or otherwise participate in the rulemaking process before the Commission, and there does not appear to be any publicly available information regarding petitioner or its membership, such as a website. Indeed, according to one report, petitioner incorporated only days before filing this petition. *See* Capitol Account, *Regulators Spark Battle Royal Over a Data Standard* (Oct. 31, 2024)[10] ("The Registered Funds Association has no web site. … Nobody in the asset management business seems to have heard of it either. … [I]t was formed as a non-profit in Texas just last week."). Under these circumstances, there is no plausible basis for any belief that standing is self-evident. *See Twin Rivers*, 934 F.3d at 614; *Georgia*

---

[10] https://www.capitolaccountdc.com/p/regulators-spark-battle-royal-over.

*Republican Party*, 888 F.3d at 1204–05; *Tennessee Republican Party*, 863 F.3d at 517.

## CONCLUSION

The Court should hold this case in abeyance, but if it does not, it should dismiss for lack of jurisdiction.

Respectfully submitted,

JEFFREY B. FINNELL
General Counsel

TRACEY A. HARDIN
Solicitor

JEFFREY A. BERGER
Assistant General Counsel

THEODORE J. WEIMAN
Senior Appellate Counsel

/s/ John R. Rady
JOHN R. RADY
Appellate Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4997 (Rady)

February 2025

## CERTIFICATE OF SERVICE AND FILING

I certify that on February 5, 2025, I electronically filed the foregoing brief using the Court's CM/ECF system.  Service on counsel of record will be accomplished through the Court's CM/ECF system.

I further certify that any privacy redactions have been made and that this electronic filing was scanned for, and found to be free of, viruses.

/s/ John R. Rady
John R. Rady

Dated:       February 5, 2025

# CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 3,173 words, excluding the parts exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.2.

I also certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface—Times New Roman, 14 point—using Microsoft Word.

<u>/s/ John R. Rady</u>
John R. Rady

Dated:       February 5, 2025